CROSS v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department.   November 15, 1912.)

CARRIERS (§ 318*)—PASSENGER'S ACTION FOR INJURIES—EVIDENCE—SUFFI-
 CIENCY.
 Defendant's evidence that plaintiff was injured while attempting to
 alight from a moving car was not overcome by her evidence that she
 stepped from an open car onto the running board to let another passen-
 ger off, that the car started while she was on the running board, and
 that she was thrown off, where all the witnesses agreed that the car
 was running at an ordinary rate of speed, and there was no suggestion
 of any jerk, jolt, rounding of a curve, swaying, or other unusual motion,
 especially where she swore to two complaints giving very different the-
 ories of the accident from that shown by her evidence.
 [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–
1314; Dec. Dig. § 318.*]

 Woodward, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Anastasia Cross against the Coney Island & Brooklyn
Railroad Company.   From a judgment for plaintiff, and an order
denying a new trial, defendant appeals.   On reargument.   Reversed.

For order for reargument, see 137 N. Y. Supp. 1116.

Argued before JENKS, P. J., and HIRSCHBERG, BURR,
WOODWARD, and RICH, JJ.

I. R. Oeland, of Brooklyn (H. E. J. MacDermott, of Brooklyn, on
the brief), for appellant.
Frank F. Davis, of New York City, for respondent.

HIRSCHBERG, J.   The plaintiff has recovered a judgment for
injuries sustained by her while a passenger on one of the defendant's
trolley cars on Smith street, in the borough of Brooklyn, at the mid-
dle of the block between State street and Atlantic avenue.   The car
was an ordinary open one, with running boards on the side, and was
crowded with passengers.   The plaintiff was 23 years old at the time
of the accident, and in company with another young lady was re-
turning to Brooklyn from a shopping trip in Manhattan, and boarded
the crowded car at Brooklyn Bridge.   She was standing between the
seats at about the middle of the car, and was near the right side run-
ning board.   When the car reached State street, it was stopped in or-
der to let a passenger off who was at the left of the plaintiff, and
in order to let the passenger alight the plaintiff stepped down on the
running board and held on by the stanchion.   After the passenger
had alighted the car was started again, and when it reached the mid-
dle of the block between State street and Atlantic avenue the plain-
tiff fell to the ground and received the injuries of which she complains.

The cause of the plaintiff's fall is not disclosed by the evidence, be-
yond the general statement or suggestion that she held on as long
as she could and until she was exhausted.   The distance from State
street to where she fell was only 100 feet.   The witnesses on both

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sides agree that the car was running at an ordinary rate of speed. There is no suggestion of a jerk, a jolt, the rounding of a curve, or swaying, or any other unusual motion. No explanation is made of why the plaintiff did not step back in the body of the car between the seats, or attempt to do so, before she fell, excepting her statement that the car started suddenly at State street before she had time to do so then; nor is any statement made as to whether her feet slipped, or her hands slipped, nor, in fact, is there any statement made as to what caused the fall, beyond the fact that it occurred. Her companion testified in reference to the accident as follows:

"She was on the running board while the car was going the distance between where it started and where she fell off. . As the car moved that distance down the street, she had her hand onto the car and was holding to that, with both feet on the running board, standing up straight on both her feet. * * * After the accident, after she fell, the speed seemed greater. From where it began started down, to where she actually went off, *the usual speed* I think there. * * * The car was filled, so that there were passengers standing on the running board. * * * It was the rush hour. * * * Miss Cross still standing with her hand on the stanchion and both feet on the running board; standing perfectly straight till the car got in the middle of the block, when she fell. The car going *at its ordinary rate.* I saw it start up in *the ordinary way,* and go ahead in *the ordinary way.* * * * I think that at the time she was standing on the running board there must have been some men standing on the running board in front of her and some behind her."

The plaintiff's theory of the accident, in her complaint and in her amended complaint, was very different from the occurrence disclosed by the evidence. In her original complaint, duly verified, the allegation was as follows:

"That the said car was brought to a full stop at the intersection of State street and the said Smith street, and the plaintiff attempted to alight therefrom; that while plaintiff was in the act of alighting therefrom, and was standing upon the running board of said car for that purpose, said car negligently, carelessly, suddenly, and without warning to plaintiff was put in motion by the defendant's said motorman and conductor."

In her amended complaint, duly sworn to by her, the allegation was as follows:

"Plaintiff stepped from the floor of the same car to the running board thereof to allow other passengers to alight from the said car, owing to the crowded condition of the said car, while the said car was stopped, and plaintiff was in the act of stepping to the street when the said car started forward suddenly and violently and without warning to the plaintiff, and as a result thereof the plaintiff was dragged for some distance and thrown with great force to the ground."

She denied upon the witness stand that she had verified the amended complaint in that form; but, on its production being called for, it was conceded to be correct in substance as above quoted. It is quite apparent in the circumstances that the plaintiff has not established her case by a fair preponderance of the evidence. On the part of the defense, evidence was given tending to establish that the accident was occasioned by the plaintiff's attempting to alight while the car was in motion. In view of the false allegations of her verified pleadings, it cannot be said that such proof was overcome by the mere

statement of the fact on her part that she·fell, without some evidence tending to indicate that the fall was occasioned by some actual negligence on the part of the motorman or conductor in the running of the car, aside from the mere fact that it was running in the usual way and at the ordinary speed.

The judgment and order should be reversed.

Judgment and order reversed on reargument, and new trial granted; costs to abide the event. All concur, except WOODWARD, J., who dissents.